THOMAS McLAUGHLIN, PLAINTIFF-RESPONDENT, v. CHARLES DAMBOLDT, DEFENDANT-APPELLANT.

**Negligence—Automobile Collision Contributory Negligence.**

Argued June 7, 1923—Decided November 7, 1923.

On appeal from the Hudson Circuit Court.

Before Justices KALISCH and KATZENBACH.

For the plaintiff-respondent, *Alexander Simpson.*

For the defendant-appellant, *Samuel D. Williams* (*Harlan Besson* of counsel).

PER CURIAM.

This is an appeal from a judgment of the Hudson County Circuit Court. The action was instituted by Thomas McLaughlin, a motorcycle policeman, against Charles Damboldt to recover for injuries received by McLaughlin due to a collision between the motorcycle he was riding and the automobile of the defendant. The plaintiff's injuries were severe, including the loss of his right leg. The verdict was $19,000 and was subsequently reduced by the trial court to $16,500, for which amount judgment was entered. The collision took

place in the township of Weehawken, in Hudson county, on the thoroughfare known as the Weehawken branch of the Hudson boulevard, just east of the point where Highwood avenue enters the boulevard. The defendant was driving his car westerly on the right-hand side of the boulevard. The plaintiff, according to his testimony, was riding in an easterly direction on an avenue known as Highwood Terrace, which entered the boulevard at a point where the boulevard made a curve to the southwest. He intended to turn into Highwood avenue. He saw the Damboldt car approaching at a rapid rate of speed, as he claimed, and signaled to it to stop by the raising of his right hand. He then made the turn from Highwood Terrace to Highwood avenue, and in doing so was struck by the Damboldt car which had continued to move eastwardly rapidly. The defendant's account of the accident was that McLaughlin came from Highwood Terrace and along the boulevard at high speed and then tried to pass ahead of a line of cars going in an eastwardly direction on the boulevard in order to pass into Highwood avenue without apparently making an observation. He crashed into the radiator of the defendant's car. These statements of the two versions of the accident are made to show the sharp conflict of the evidence. The appellant insists that the trial court should have granted the motion made to nonsuit on the ground of the plaintiff's contributory negligence. We think on this point the evidence presented a debatable question which made it one for the jury to pass upon.

The appellant further contends that he was prejudiced by portions of the court's charge, to which exceptions were duly taken. We are of the opinion that in this respect the appellant's contention is well founded. The learned trial judge said: "If you find that the accident was due to the negligence of this defendant, and that such negligence was the proximate cause of the plaintiff's injury, then the plaintiff can recover in this suit, unless you find that the plaintiff was guilty of what the law terms contributory negligence—that is, negligence on his part that contributed to this accident." He

then said: "If you find from the evidence that the proximate cause of the plaintiff's injury was his own negligence and that the defendant was not negligent, then of course you must find a verdict for the defendant," and "if you find the defendant was not negligent, but that the plaintiff collided with the defendant's automobile while it was standing there, and without any negligence on the part of the defendant, then of course the plaintiff cannot recover."

We think these latter portions of the charge instructed the jury that it could not find the plaintiff guilty of contributory negligence unless the defendant was free from negligence. This is not the law. The defendant may have been negligent, yet if the plaintiff had contributed to his injury in such a way that if he had not been negligent, he would have received no injury from the negligence of the defendant, he cannot recover notwithstanding the defendant's negligence.

It is said by the respondent that the trial court charged correctly on the subject of contributory negligence in the passage first above quoted. Assuming this to be so it does not cure a misstatement of the law in another part of the charge because it is impossible to tell whether the verdict of the jury might not have been the result of the erroneous portion of the charge. In the present case the jury might have found that the plaintiff was guilty of contributory negligence had it not been for the court's instruction that in order to do so the defendant must have been free from negligence.

This case is one of great importance to each of the parties. Each is entitled to an unequivocal statement from the trial judge as to the law. This we feel the appellant did not have. The judgment will be reversed and a *venire de novo* issued.